UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DON PERRY BEARD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | No. 4:11CV1131 NCC |
| TOM VILLMER, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court is the petition by Don Perry Beard for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  After reviewing the case, the Court has determined that petitioner is not entitled to relief.  As a result, the petition will be dismissed.

## Background

Petitioner was charged with child molestation in the first degree, attempted victim tampering, and attempted witness tampering.  Resp't Ex. C at 10-12 (Legal File, Indictment).  A jury found petitioner guilty on all three counts.  Id. at 51-53 (Verdict).  Before sentencing, the state realized that the witness tampering count was not supported by the evidence and it moved to dismiss that count.  Resp't Ex. F at 3 (Per Curiam Mem. Supplementing Order Affirming J. Pursuant to Rule

---

[1] The parties consented to the jurisdiction of the undersigned magistrate judge to resolve this proceeding.  28 U.S.C. § 636(c).

84.16(b)). The court entered a judgment of acquittal on that count. Id. And the court sentenced petitioner to consecutive sentences of seven years' imprisonment on the molestation count and five years' on the victim tampering count. Resp't Ex. C at 60-60 (Legal File, Sentence and J.).

The Missouri Court of Appeals set forth the relevant facts as follows:

> [Petitioner] and his girlfriend (Girlfriend) shared a home. Occasionally, Girlfriend's nieces and other girls would spend the night in the home. On the night of November 1, 2003, six young girls spent the night at the home. The following morning, Girlfriend left for work between 5:00 a.m. and 6:00 a.m., leaving [petitioner] as the only adult in the home. Sometime after 6:00 a.m., B.S. a fifteen-year-old acquaintance of Girlfriend's nieces, awoke and observed [petitioner] standing over her ten-year-old sister, C.W. C.W. was sleeping, and [petitioner's] hands were in C.W.'s shorts C.W.'s shirt was partially removed. B.S. and [petitioner] made eye contact, and, shortly thereafter, B.S. began screaming. [Petitioner] begged B.S. not to tell anyone about what she had seen and said that he was "sick" and in need of a psychiatrist. Another witness, D.E., who was approximately fourteen years old, testified that she observed [petitioner] with one of his hands on or near C.W.'s exposed breast area shortly before B.S. started screaming. B.S. woke C.W. and the other girls and all the girls left the home to find a telephone. [Petitioner] followed the girls and told them, "I'll give you anything if you don't tell. I'll give you money, anything, just please don't tell." When the girls ignored [petitioner's] pleas, he said, "Well, I'm just gonna kill myself." The girls contacted B.S and C.W.'s mother, and the police were notified.

Resp't Ex. K at 2 (Per Curiam Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b)).

On direct appeal, petitioner argued that the trial court erred in (1) denying his motion for judgment of acquittal at the close of evidence because there was insufficient evidence to show that he acted for the purpose "of arousing his own sexual desire" as required by the child molestation statute, (2) allowing evidence of witness tampering because such evidence was inadmissible in that he was ultimately acquitted of the charge, and (3) submitting a jury instruction that differed from the indictment, allowing for a finding of guilt in the disjunctive if the jury believed that petitioner touched the victim near her genitals *or* her breast. Resp't Ex. D at 12-14 (Appellant's Br.).

The Missouri Court of Appeals found that there was sufficient evidence to support the jury's finding that petitioner had touched the victim near her genitals or breast for the purpose of arousing his sexual desire. The jury heard testimony that he had put his hands on or near her breast and had put his hands into her pants. Resp't Ex. F at 3-4. And after having been observed, petitioner "begged B.S. to not tell anyone and even plead [sic] that he was 'sick' and in need of a psychiatrist." Id. at 4. The court found that this testimony supported a reasonable inference that he was guilty of the elements of the crime.

The appellate court rejected petitioner's contention that allowing evidence on the witness tampering charge prejudiced him because the same testimony

applied to the victim tampering charge as well. Id. at 4-5. The court found no legal authority for petitioner's argument, and the court found no prejudice to petitioner. Id.

Finally, the appellate court denied petitioner's jury instruction claim. The court found that there was no discrepancy between the indictment and the jury instruction and that petitioner merely alleged a discrepancy between the probable cause statement and the instruction. Id. at 5. Therefore, the court affirmed the sentence and judgment. Id.

Petitioner filed a timely motion for postconviction relief under Missouri Court Rule 29.15. Resp't Ex. H at 3-12 (Legal File, Pet'r Mot.). In an amended motion, petitioner argued that his counsel was ineffective for failing to depose B.S. and D.E., for failing to file a motion to dismiss the witness tampering count, and for failing to call petitioner's girlfriend as a witness. Id. at 22-24 (Pet'r Am. Mot.). The motion court denied relief without holding an evidentiary hearing. Id. at 51-55 (Mot. Court's Findings of Fact, Conclusions of Law, and J.).

Petitioner raised the same three points on appeal. Resp't Ex. I at 13-17 (Appellant's Br.). The Missouri Court of Appeals applied the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), to petitioner's claims, and the

court found that petitioner had failed to demonstrate prejudice. Resp't Ex. K at 4-12. The court issued its mandate on September 16, 2010. Resp't Ex. L (Mandate).

Petitioner timely filed the instant petition for writ of habeas corpus. He raises six grounds for relief.

## Grounds for Relief

1. The trial court erred in denying his motion for judgment of acquittal at the close of evidence because there was insufficient evidence to show that he acted for the purpose of arousing or gratifying his sexual desire as required by Mo. Rev. Stat. § 566.010(3) (2000).

2. The trial court erred in allowing evidence of witness tampering because such evidence was inadmissible in that he was ultimately acquitted of the charge.

3. The trial court erred in submitting a jury instruction that differed from the indictment, allowing for a finding of guilt in the disjunctive if the jury believed that petitioner touched the victim's genitals *or* her breast.

4. Trial counsel was ineffective for failing to depose B.S. and D.E. because their testimony differed as to how he committed the crime.

5. Trial counsel was ineffective for failing to file a motion to dismiss the witness tampering count.

6. Trial counsel was ineffective for failing to call his girlfriend as a defense witness at trial.

**AEDPA Standard**

"In the habeas setting, a federal court is bound by the AEDPA[2] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown

---
[2] The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## Ineffective Assistance of Counsel Standard

Federal habeas review of an ineffective assistance of counsel claim is "doubly deferential." Knowles v. Mirzayance, 556 U.S. 111 (2009). First, a petitioner must overcome the high bar of Strickland v. Washington, 466 U.S. 668 (1984), by showing that (1) counsel's performance fell below an objective standard of reasonableness; and (2) petitioner was sufficiently prejudiced such that "the result of the proceeding would have been different." Id. at 688, 694. Second, under 28 U.S.C. § 2254, petitioner must show that the state court's adjudication of his ineffective assistance claim was "unreasonable." Harrington v. Richter, ––– U.S. –––, 131 S. Ct. 770, 788 (2011). Both the Strickland standard and the standard set forth in § 2254 are highly deferential. Ultimately, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S. Ct. at 788.

## Discussion

1. Ground One

In ground one, petitioner argues that the trial court erred in denying his

motion for judgment of acquittal at the close of evidence because there was insufficient evidence to show that he acted for the purpose of arousing or gratifying his sexual desire as required by Mo. Rev. Stat. § 566.010(3) (2000). Respondent contends that the Missouri Court of Appeals applied the correct standard and reasonably applied it to the facts of the case.

In reviewing a claim of insufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In applying this standard, the scope of review is extremely limited. The Court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and the Court must defer to that resolution. Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003).

Under Missouri law, "[a] person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact." Mo. Rev. Stat. § 566.067(1) (2000). "Sexual contact" is "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person." Mo. Rev. Stat. § 566.010(3)

(2000). An attempt requires a "substantial step": "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Mo. Rev. Stat. § 564.011(1).

The jury heard testimony that petitioner was standing over the victim with his hand in her pants and near or on her breast. After he was confronted, petitioner told B.S. that he was "sick" and that he needed a psychiatrist, and he begged her not to tell anyone. Further, he offered the girls money not to discuss the incident with anyone. Upon hearing this testimony, any rational juror could have concluded that petitioner was guilty of attempted child molestation under Missouri law. The decision of the Missouri Court of Appeals was not contrary to, or an unreasonable application of, clearly established federal law. As a result, petitioner is not entitled to relief on ground one of the petition.

2. Ground Two

In ground two, petitioner argues that the trial court erred in allowing evidence of witness tampering because such evidence was inadmissible in that he was ultimately acquitted of the charge. Respondent contends that evidentiary rulings are state-law questions and are not reviewable in federal habeas corpus proceedings.

Whether evidence was admissible under Missouri's evidence rules does not create a federal constitutional issue that is cognizable under the Court's limited jurisdiction. Estelle v. McGuire, 502 U.S. 62, 67 (1991). "In the habeas context, '[r]ules of evidence and trial procedure are usually matters of state law. A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process.'" Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006) (quoting Adail v. Wyrick, 711 F.2d 99, 102 (8th Cir. 1983)).

In this case, the evidence of witness tampering was also relevant to the victim tampering count. Therefore, it would have been introduced regardless of whether petitioner had been initially charged with witness tampering. The Due Process Clause is not implicated. Therefore, petitioner is not entitled to relief on ground two of the petition.

### 3. Ground Three

In ground three, petitioner argues that the trial court erred in submitting a jury instruction that differed from the indictment, allowing for a finding of guilt in the disjunctive if the jury believed that petitioner touched the victim's genitals *or* her breast. Respondent asserts that this claim is meritless.

Respondent is correct. The indictment charged petitioner with subjecting the victim to "sexual contact." Resp't Ex. C at 10 (Indictment). As is stated above, "sexual contact" includes touching another person's genitals or a female's breast. Mo. Rev. Stat. § 566.010(3) (2000). Therefore, there was no variance between the indictment and the jury instruction. The Missouri Court of Appeals' decision was not unreasonable, and petitioner is not entitled to relief on ground three of the petition.

    4.    <u>Ground Four</u>

In ground four, petitioner argues that trial counsel was ineffective for failing to depose B.S. and D.E. because their testimony differed as to how he committed the crime. B.S. testified that he touched the victim near her genitals, whereas D.E. testified that his hand was near her breast. Petitioner maintains that had counsel deposed these witnesses, counsel would have been able to "impeach" their "inconsistent" testimony. Respondent contends that petitioner cannot show <u>Strickland</u> prejudice.

The Missouri Court of Appeals noted that petitioner's claim that depositions might have allowed for impeachment by inconsistent statements was pure speculation that the witnesses may have testified differently during their depositions than they did at trial. Resp't Ex. K at 6. The court noted that counsel

cross-examined both witnesses at length about the differences in their accounts of the witnesses, and during closing argument counsel argued that they were lying because they saw different things. Id. at 7. As a result, the court found that petitioner was unable to show that the failure to depose B.S. and D.E. resulted in a reasonable probability that the outcome of the trial would have been different. Id.

The decision of the Missouri Court of Appeals was not unreasonable. Petitioner's argument regarding impeaching B.S. and D.E. based on inconsistent testimony relies on a fundamental misunderstanding of witness impeachment. Petitioner is really arguing that the testimony of the two witnesses was inconsistent, not that either one of the witnesses would have made different statements in deposition than at trial. And this Court agrees that such an argument would amount to pure speculation, which cannot give rise to habeas relief. The appellate court correctly concluded that petitioner failed to show prejudice in light of counsel's cross-examination of the witnesses and statements during closing argument. As a result, petitioner is not entitled to relief on ground four of the petition.

5. Ground Five

In ground five, petitioner argues that trial counsel was ineffective for failing to file a motion to dismiss the witness tampering count. He claims he was

prejudiced because the jury heard evidence on that count that it otherwise would not have heard. Respondent contends that the evidence would have been admissible even if the count were dismissed before trial.

The Missouri Court of Appeals denied relief on this ground because the same evidence was relevant to both the witness tampering and victim tampering counts. Therefore, even if the count were dismissed, the jury would still have heard the evidence.

The state court's application of <u>Strickland</u> was not unreasonable. Petitioner's argument is without merit. Consequently, petitioner is not entitled to relief on ground five of the petition.

    6.    <u>Ground Six</u>

In ground six, petitioner argues that trial counsel was ineffective for failing to call his girlfriend as a defense witness at trial. He claims that his girlfriend would have testified that it was impossible for him to have committed the crimes because the victim had been sleeping on the couch with another girl. Respondent asserts that the girlfriend's testimony would not have provided a viable defense because she was not present when the crimes occurred.

The Missouri Court of Appeals recounted the facts relevant to this ground as follows:

According to the record in the underlying case, at trial, B.S. testified that Girlfriend went to work "real early in the morning, like 5:00 or 6:00." B.S. further testified that [petitioner] had awakened B.S. to inform her that he was taking Girlfriend to work and to ask if B.S. wanted a ride home. B.S. replied that she would "go home later" and went back to sleep. B.S. testified that, when she awoke sometime later, [petitioner] had returned and was standing over C.W., who was sleeping on a couch, with his hands in C.W.'s shorts and C.W.'s breast exposed. B.S. testified that she "jumped up" and that she and [petitioner] made eye contact. B.S. testified that no one else was sleeping on the couch with C.W. D.E. testified that she saw C.W. lying on the couch "facing up" and [petitioner] bending over C.W. D.E. testified that C.W. was wearing a T-shirt, but it was pulled up, exposing C.W.'s breast. D.E. testified that none of the other girls were sleeping on the couch with C.W. C.W. testified that she was the only person sleeping on the couch. C.W. also testified that [petitioner] followed the girls when the[y] fled the house and told them he would try to kill himself.

[Petitioner] testified that he and Girlfriend had awakened between 5:00 a.m. and 5:30 a.m. and that he had taken Girlfriend to work between 6:00 a.m. and 6:30 a.m. [Petitioner] testified that it was about a 30-minute round trip. [Petitioner] admitted that, at the time he was leaving the house to take Girlfriend to work, he had awakened B.S. in order to take her home and that B.S. had decided to go home later. [Petitioner] further testified that, when he returned to the house, he saw C.W. lying in "a very uncomfortable position" on a couch. [Petitioner] testified that the house was chilly, that neither C.W. nor any of the other girls was covered by a blanket, and that C.W.'s chest was exposed and her feet were resting on another girl's chest. However, [petitioner] also testified that C.W. was lying in a fetal position with her hands covering her chest and her knees pulled up. [Petitioner] testified that C.W. was wearing a blue ruffled halter or blouse and tan or brown shorts. [Petitioner] testified that the girl on the couch with C.W. was "fully dressed" and wearing jeans and a blouse but that he did not know the color of either the jeans or the blouse. [Petitioner] testified that he attempted to reposition C.W. on the couch by nudging C.W. and touching her shoulder and moving C.W.'s feet. [Petitioner] testified that B.S. had awakened just in time

-14-

> to see [him] repositioning C.W. and began "blabbering," not screaming. [Petitioner] admitted that B.S. had been upset, that B.S. had awakened the other girls, that B.S. had insisted on taking the girls out of the house, and that [he] had followed B.S. and the other girls as they fled down the street. However, [petitioner] denied that he begged the girls not to tell anyone about the incident and denied saying he needed help or would kill himself.

Resp't Ex. K at 10-11.

Upon these facts, the appellate court found that the girlfriend's proposed testimony would not have provided petitioner with a viable defense because she was not present when the crimes were committed. Id. at 11. Moreover, the court found that even if the girlfriend would have testified at trial, her testimony would not have negated an element of the crime. Id. at 12.

The decision of the Missouri Court of Appeals was not an unreasonable application of Strickland. Petitioner cannot show that he was prejudiced by counsel's failure to call the girlfriend at trial. As a result, petitioner is not entitled to relief on ground six of the petition.

## Conclusion

For these reasons, petitioner is not entitled to federal habeas relief. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 10th day of September, 2014.

/s//Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE